NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL GARCIA MIRANDA and OLGA MARTHA GARCIA,<br><br>     Plaintiffs-Appellants,<br><br>  v.<br><br>DARON WYATT,<br><br>     Defendant-Appellee. | No. 15-55716<br><br>D.C. No.<br>8:13-cv-01826-JVS-DFM<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 10, 2017
Pasadena, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,[**] District Judge.

Rafael Garcia Miranda and Olga Martha Garcia (collectively "Plaintiffs")

appeal the district court's decision denying Plaintiffs' request to give an adverse

inference jury instruction. A district court's refusal to give an adverse inference

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

jury instruction is reviewed for abuse of discretion. *United States v. Fries*, 781 F.3d 1137, 1146 (9th Cir. 2015). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011) (citation omitted). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court's denial of an adverse inference jury instruction was based on neither an incorrect application of the law nor a clearly erroneous finding of material fact. The parties agree that *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002), provides an appropriate test for determining when an adverse inference instruction can be given. Though the district court concluded that an adverse inference jury instruction was permissible, the district court was not legally required to issue such an instruction. The district court explained that Plaintiffs were permitted to argue their position to the jury, that there was nothing "maligned" in the erasure of the DVD, and that the jury was permitted to make its own conclusions about the deletion of the video. The decision to give an adverse inference jury instruction is made on a case-by-case basis and "commensurate to the spoliating party's motive or degree of fault in destroying the evidence." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 992–93 (N.D. Cal. 2012); *see also Residential Funding*, 306 F.3d at 108. The district court therefore did not abuse its discretion in concluding that an adverse

inference instruction was inappropriate under the factual circumstances of this case. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (recognizing a district court's "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial" (citation omitted)).

**AFFIRMED.**